IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs January 10, 2005

## SUSAN DAUGHERTY v. TENNESSEE BOARD OF PROBATION AND PAROLE

Appeal from the Chancery Court for Davidson County
No. 03-1548-I     Irvin H. Kilcrease, Jr., Chancellor

---

**No. M2003-02429-COA-R3-CV - Filed January 28, 2005**

---

The appellant principally alleges that she had a plea agreement with the State that if she pleaded guilty to the charge of vehicular assault, the punishment for which would run consecutively to prior sentences, she would be paroled after serving thirty percent of her sentence, and that the State, in effect, reneged on the agreement. She presented no evidence other than her own assertions of the plea, and her petition was denied.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J.M.S., and WILLIAM B. CAIN, J., joined.

Susan Daugherty, Nashville, Tennessee, pro se.

Paul G. Summer, Attorney General and Reporter; Michael Moore, Solicitor General; Pamela S. Lorch, Senior Counsel, Attorney General's Office, for the appellee, State of Tennessee.

**OPINION**

The appellant was convicted of vehicular assault in February 2001 and sentenced to a term of three years to be served consecutively to a one-year sentence for theft, and consecutively to a four-year term for aggravated burglary, for a total of eight years confinement in the Tennessee State Prison for Women.

In December 2002 a Hearing Officer for the Board recommended parole, but a majority of the Board declined to follow the recommendation. The appellant thereupon filed a petition in the Chancery Court for the writ of certiorari, claiming that she was entitled to parole upon service of thirty percent of her sentence because of her plea agreement with the State and with the criminal court. She further alleged that her application for parole should have been heard by the full Board, rather than by a Hearing Officer. The Chancery Court of Davidson County granted the Board's

motion to dismiss for failure to state a claim, upon a finding that the appellant presented no evidence that the State agreed she would be released upon serving thirty percent of an eight-year sentence, and that Tenn. Code Ann. § 40-28-105(d)(2) specifically authorizes a Hearing Officer to conduct a hearing and submit recommendations to the Board.[1]  Petitioner appeals, claiming that the Board denied her due process (1) by failing to parole her in accordance with the asserted agreement, and (2) in allowing her application for parole to be heard by a Hearing Officer rather than by the full Board.  Our review is *de novo* on the record with no presumption of correctness since the issues involve questions of law.

In *Sweatt v. Tn. Board of Paroles*, 2000 WL1514071 (Tenn. Ct. App)(permission to appeal denied May 26, 1998) we held

> Prisoners who assert that they agreed to plead guilty in return for agreements that they would be paroled after serving a specific portion of their sentences must come forward with some competent evidence of these agreements.  This evidence is readily available either in the form of a written plea bargain agreement or in the form of a verbatim record of the plea bargain proceeding required to be kept pursuant to Rule 11(g) of the Tennessee Rules of Criminal Procedure.  Without this evidence, a prisoner has failed to state a claim upon which relief can be granted.  *See, Ringling v. Tennessee Board of Paroles*, 1997 WE 718419 (Tenn. Ct. App.)(permission to appeal denied May 26, 1998).

Ms. Daugherty failed to present evidence of an alleged agreement to be paroled upon service of thirty percent of her sentence, and her claim was properly dismissed.

We further note that the Chancellor correctly held that Tenn. Code Ann. § 40-39-105(d)(2) provides that:

> (2) The chair of the board may designate individual members of the board of probation and parole and appoint hearing officers who shall be authorized to conduct hearings, take testimony and make proposed findings of fact and recommendations to the board regarding a grant, denial, revocation or rescission of parole.  Such findings and recommendations shall be reduced to writing and reviewed by board members who shall adopt, modify or reject the recommendations.

---

[1] The appellant also questions whether the Board denied her due process in ordering that she would not be again considered for parole for three years.  However, she does not present this argument as an issue for our determination. In any event the policy of the Board does not appear to run counter to the statutory scheme.

The Board's practice of one board member or hearing officer presiding over a parole hearing, then submitting that member's recommendation in writing to each board member individually, is consistent with the legislative intent. *Arnold v. Board of Paroles*, 956 S.W.2d 478 at 482 (Tenn. 1997). There is no statutory basis for the argument that the full panel shall conduct the hearing.

The judgment is affirmed. In light of the appellant's indigency, costs are assessed to the State.

_____
WILLIAM H. INMAN, SENIOR JUDGE